UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 10 2013
Clerk, U.S. District and
Bankruptcy Courts

DALE B. ADAMS, )
)
Plaintiff, )
)
v. ) Civil Action No. 13-1041
)
U.S. DEPARTMENT OF STATE, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to

1

prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The Court has reviewed plaintiff's original complaint and his 261-paragraph amended complaint. Notwithstanding the plaintiff's sweeping allegations of constitutional violations committed by current and former Secretaries of State, Homeland Security, and Defense, he fails to articulate which claims he brings against which defendant. As drafted, the amended complaint utterly fails to set forth a short and plain statement of his claims. "It is unwieldy at best and does not provide defendants or the Court with fair notice of the factual basis for [his] claims." *Vurimindi v. HSFLB Condominium Owners Ass'n*, No. 13-39, 2013 WL 3153756, at *3 (E.D. Pa. June 21, 2013). Where, as here, a complaint "is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised,'" it is subject to dismissal for its failure to comply with Rule 8(a). *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (quoting *Salahuddin v. Cuomo*, 861 F. 2d 40, 42 (2d Cir. 1988)); *see Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) ("The dismissal of a complaint on the ground that it is unintelligible is unexceptionable."); *cf. Hamrick v. United States*, 775 F. Supp. 2d 140, 142 (D.D.C. 2011) (dismissing complaint *sua sponte* "[r]ather than require defendants to waste unnecessary time and resources attempting to respond to plaintiff's plethora of nearly incomprehensible claims"). An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

DATE: 7/2/2013.